# In the United States Court of Federal Claims

No. 19-1689

(Filed: 10 April 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOSEPH BRIAN WHITEFORD AND GWENN CATHERINE WHITEFORD, <br><br>  Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br>  Defendant. | *Pro se*; RCFC 12(b)(1); RCFC 12(b)(6); Subject-Matter Jurisdiction; Tax Refund Claim; *In Forma Pauperis*. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

*Joseph B. Whiteford* and *Gwenn C. Whiteford*, *pro se*, all of Murrysville, PA.

*Margaret E. Sheer*, Trial Attorney, with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, all of Washington, D.C.

## I.   Introduction

*Pro se* plaintiffs Joseph Brian Whiteford ("Mr. Whiteford") and Gwenn Catherine Whiteford ("Mrs. Whiteford"), hereafter collectively referred to as "plaintiffs," filed a complaint alleging the government unlawfully collected and withheld their assets in connection with the assessment of certain federal income tax for tax years 2013–2018. *See generally* Compl. at 2. Plaintiffs seek "their withholdings since 2013 which amounts to $148,414.48" and a "$1,000,000 fine under [Internal Revenue Code §] 7433(b)(1) for reckless and malicious actions taken by the Defendant," for a total of "$1,148,414.48 (plus applicable interest)." *Id*. at 3–4. Plaintiffs further filed separate motions to proceed in this matter *in forma pauperis*. *See* Application to Proceed *In Forma Pauperis*, ECF No. 4 ("Mr. Whiteford's Appl."); Application to Proceed *In Forma Pauperis*, ECF No. 5 ("Mrs. Whiteford's Appl.").

The government moved to dismiss this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), ECF No. 7 ("Def.'s Mot."). For the following reasons, the Court: (1) **GRANTS** plaintiff Joseph B. Whiteford's motion to proceed *in forma pauperis*; (2) **GRANTS** plaintiff Gwenn C. Whiteford's motion to proceed *in forma pauperis*; (3) **GRANTS** the government's motion to dismiss; and (4) **DISMISSES** the complaint.

## II. Factual and Procedural History[1]

### A. Plaintiffs' Tax Court Claims

#### 1. Plaintiffs 2017 Joint Tax Court Petition

On 27 February 2017, plaintiffs jointly filed a petition in the United States Tax Court challenging notices of deficiency and underpayment penalties pursuant to Internal Revenue Code ("IRC") § 6662(a) for tax years 2013 and 2014. Def.'s Mot., Ex. A at 2, Ex. B at 6. On 13 August 2018, the Tax Court upheld the notices of deficiency and application of a penalty under IRC § 6662(a). *See id.* at Ex. B. In upholding the notices and penalty, the Court noted, "[a]t trial petitioners presented no documentary evidence to support their position" but instead "relied solely upon the testimony of [Mr. Whiteford], which did not address the substantive issues of the case." *Id.*, Ex. B at 8. In holding, the Court noted it would "not painstakingly address petitioner's tax-protester arguments," finding the "amounts of the deficiencies in the notice of deficiency, which in this case equal the understatements, were $13,297 for 2013 and $16,570 for 2014, both of which exceed $5,000 and 10% of the tax required to be shown" to impose a penalty. *Id.*, Ex. B at 9–10.

#### 2. Mr. Whiteford's Individual 2019 Tax Court Petition

On 19 June 2019, Mr. Whiteford, individually, filed a petition in the Tax Court alleging he "[n]ever received [a] Notice of Deficiency, or [a] Notice of Determination Concerning Collection Action" for years "1995 to 2019." *Id.*, Ex. C at 13. On 13 August 2019, respondent Internal Revenue Service ("IRS") filed a motion to dismiss for lack of jurisdiction and to impose a penalty under IRC § 6673. The IRS' motion argued the Tax Court did not have jurisdiction because "no notice of deficiency or notice of determination was issued to [Mr. Whiteford] for the taxable years 1995 through 2019 within 150 days or 30 days, respectively, of the filing of the petition." Compl., Ex. A at 1.

On 13 September 2019, the Tax Court granted the IRS's motion to dismiss Mr. Whiteford's petition, stating "respondent's Motion to Dismiss for Lack of Jurisdiction . . . is granted, and, with respect to each year placed in issue in the petition, this case is dismissed for lack of jurisdiction upon the grounds stated in respondent's motion." *Id.*

#### 3. Mrs. Whiteford's Individual 2019 Tax Court Petition

On 22 July 2019, Mrs. Whiteford filed a separate, but similar petition to Mr. Whiteford's petition for tax years "1996 to 2019." Def.'s Mot., Ex. D at 17. On 4 September 2019, the IRS filed a motion to dismiss for lack of jurisdiction, arguing "no notice of deficiency . . . to form the basis for a petition to this Court, had been sent to petitioner with respect to taxable years 1996

---

[1] The facts recited in this Opinion and Order are taken from: the complaint and the exhibits attached thereto; the government's motion to dismiss and the exhibits attached thereto; and plaintiffs' response to the government's motion to dismiss, ECF No. 8, ("Pl.'s Resp.") and exhibits attached thereto.

through 2019, nor had [the Internal Revenue Service] made any other determination with respect to petitioner's tax years 1996 through 2019 . . . that would confer jurisdiction on the Court." Compl., Ex. B at 1.

On 25 September 2019, the Tax Court granted the IRS's motion to dismiss Mrs. Whiteford's petition. *Id*. The Tax Court found "petitioner did not deny the jurisdictional allegations . . . regarding lack of a pertinent notice or determination, nor did it suggest the existence of any relevant notice or determination. To the contrary, petitioner proffered oft-rejected challenges to the authority of the [IRS] in the context of income tax returns and related assessments." *Id*. The Court saw "no need to catalog petitioner's arguments and painstakingly address them." *Id*. The Court granted the IRS's motion and dismissed the case "for lack of jurisdiction with respect to each year placed in issue in the petition upon the ground stated in respondent's motion." *Id*., Ex. B at 2.

### B. Plaintiffs' Claims in This Court

On 30 October 2019, plaintiffs commenced this action and filed two motions to proceed *in forma pauperis*. *See* Compl.; Mr. Whiteford's Appl.; Mrs. Whiteford's Appl. In the complaint, plaintiffs allege the government caused them injury by taking "[p]laintiff's property since 1995 all the while with no Jurisdiction as evidence of Tax Court orders and violating Plaintiff's 4th Amendment Rights."[2] Compl. at 2. Additionally, plaintiffs allege in "2018 [the] IRS credited Plaintiff's withholdings, which was unequivocal proof our withholdings were being taken unlawfully." *Id*. For relief, plaintiffs seek "$1,148,414.48 (plus applicable interest)." *Id*. at 4.

In support of their complaint, plaintiffs attach four exhibits: (1) Exhibit A, the 13 September 2019 United States Tax Court Order Of Dismissal For Lack Of Jurisdiction of Joseph B. Whiteford's petition; (2) Exhibit B, the 25 September 2019 United States Tax Court Order Of Dismissal For Lack Of Jurisdiction of Gwenn C. Whiteford's petition; (3) Exhibit C, a 2018 letter from the IRS to Joseph B. Whiteford informing him of a 2018 overpayment and application of funds to an unpaid balance; and (4) Exhibit D, a 3 May 2019 letter from the IRS informing plaintiffs their claim for credit for the requested tax period was disallowed. *Id*., Exs. A–D. Plaintiffs additionally attach a letter as an exhibit to their response to the government's motion to dismiss. *See* Pl.'s Resp., Ex. E. The letter, from plaintiffs to the IRS, includes jointly filed tax returns from 2018 seeking a refund of payments "due to the fact [plaintiffs'] employers provided W-2's/1099 which erroneously" listed payments as wages. *Id*., Ex. E at 1.

On 31 December 2019, the government filed a motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of the RCFC. *See* Def.'s Mot. at 1. On 27 January 2020, plaintiffs filed a response to the government's motion to dismiss. *See* Pl.'s Resp. On 13 February 2020, the

---

[2] Plaintiffs allege in their complaint the government has taken their property since 1995, but for relief seek only their "withholdings since 2013 which amounts to $148,414.48." *See* Compl. at 2. Plaintiffs have failed to attach any supporting documentation for all tax years prior to 2013. *See* Compl., Exs. A–D; Pl.'s Resp., Exs. A–E (showing plaintiffs did not provide proof of a tax refund claim for the remaining tax years at issue). Plaintiffs clarify in their response to the government's motion to dismiss that "[o]ur claim is for the return of all withholdings [for] tax years 2013-2018." Pl.'s Resp. at 6.

government filed a reply to plaintiffs' response to its motion to dismiss. *See* Reply in Further Support of the Motion of the United States to Dismiss the Complaint, ECF No. 9 ("Def.'s Reply").

These matters having been fully briefed, the Court now addresses the pending motions.

## III. Discussion

### A. *Pro Se* Litigants

*Pro se* parties are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). This Court further recognizes that "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Accordingly, the Court may excuse certain ambiguities in plaintiffs' complaint, but the Court "does not excuse its failures, if such there be." *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider a claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

#### 1. Plaintiffs May Proceed *In Forma Pauperis*

Plaintiffs first request the Court allow them to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). An affidavit demonstrating a plaintiff is unable to pay the fee or provide security, yet "still be able to provide himself and dependents with the necessities of life," is sufficient. *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry is whether "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute'").

Mr. Whiteford states in his application to proceed *in forma pauperis*: he currently receives a gross monthly salary of $3,100 ($2,700 net); annual rental income of $32,400 "which covers the mortgage, taxes, and upkeep of 2 rental properties" with "[n]o profit;" "less than $100" in cash or in a checking, savings, or inmate account; and further provides for four children. *See* Mr. Whiteford's Appl. at 1–2. Mrs. Whiteford states in her application to proceed *in forma pauperis*: she currently receives a gross monthly salary of $3,400 ($2,800 net); annual rental income of $32,400 "which covers the mortgage, taxes, and upkeep of 2 rental properties"

with "[n]o profit;" less than $1,000 in cash or in a checking, savings, or inmate account; and further provides for four children. Mrs. Whiteford's Appl. at 1–2.

Under these circumstances, plaintiffs have sufficiently demonstrated they are unable to pay the Court's filing fee. Plaintiffs' respective applications to proceed *in forma pauperis* are therefore **GRANTED**.

### B. The Government's Motion to Dismiss

The government moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6). *See* Def.'s Mot. at 1.

#### 1. RCFC 12(b)(1) – Lack of Subject-Matter Jurisdiction

In considering a motion to dismiss for lack of subject-matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) ("In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army and Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of immunity "may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). For tax disputes, this Court's jurisdiction is generally limited to tax refund suits. *See* 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims concurrent jurisdiction with federal district courts over "[a]ny civil action against the United States for the recovery of . . . any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws").

In such tax suits, the Court of Federal Claims jurisdiction is limited to those situations where the taxpayer has complied with the relevant provisions of the Internal Revenue Code. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) (citing *United States v. Dalm*, 494 U.S. 596, 609–10 (1990)) ("The Internal Revenue Code specifies that before [filing in the Court of Federal Claims], the taxpayer must comply with the tax refund scheme established

in the Code."). To meet this Court's jurisdictional requirements in a tax refund suit, a plaintiff must: (1) satisfy the full payment rule; (2) timely file a tax refund claim with the IRS; and (3) "provide the amount, date, and place of each payment to be refunded," along with "a copy of the refund claim." *Fry v. United States*, 72 Fed. Cl 500, 510 (2006). The "full payment rule" requires a taxpayer to fully pay their federal income tax at issue prior to bringing suit in the Court of Federal Claims. *See Flora v. United States*, 362 U.S. 145, 150 (1960); *see also Shore v. United States*, 9 F.3d 1524, 1527 (Fed. Cir. 1993) ("The *Flora* full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491.").

As specified in the Internal Revenue Code, before seeking a refund, "the taxpayer must comply with the tax refund scheme established . . . [which] provides that a claim for a refund must be filed with the [IRS] before suit can be brought, and establishes strict timeframes for filing such a claim." *Clintwood Elkhorn*, 553 U.S. at 4. 26 U.S.C. § 7422(a) provides the applicable requirements:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Accordingly, this Court does not possess subject-matter jurisdiction to consider a claim to recover internal revenue tax unless the taxpayer first files a claim for a tax refund with the IRS. *See Strategic Hous. Fin. Corp. of Travis Cty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010) ("[A] party seeking to recover any internal-revenue tax, penalty, or sum from the United States must pursue and exhaust its administrative remedies pursuant to the IRS's regulations prior to filing a complaint in federal court."). "Pursuant to I.R.C. § 6512(a), [the Court of Federal Claims] lacks jurisdiction over a tax refund case if the plaintiff seeks a refund for the same tax year covered in a deficiency notice and in the plaintiff's petition to the Tax Court." *Cheesecake Factory Inc. v. United States*, 111 Fed. Cl. 686, 695 (2013).

A plaintiff filing a tax refund suit in this Court must include the following with the complaint:

(A) a copy of the claim for refund, and
(B) a statement identifying:
    (i) the tax year(s) for which a refund is sought;
    (ii) the amount, date, and place of each payment to be refunded;
    (iii) the date and place the return was filed, if any;
    (iv) the name, address, and identification number [under seal] of the taxpayer(s) appearing on the return;
    (v) the date and place the claim for refund was filed; and

>   (vi) the identification number [under seal] of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m).

Lastly, the Federal Circuit has held the Court of Federal Claims is without jurisdiction to entertain a claim for damages alleging unlawful collection activities of the IRS; such claims must be brought before a United States district court. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming dismissal of plaintiff's claim for damages based on the IRS's collection activities as outside the Court's subject matter-jurisdiction).

### 2. RCFC 12(b)(6) – Failure to State a Claim

A claim that survives a jurisdictional challenge remains subject to dismissal under RCFC 12(b)(6). *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle [the claimant] to a legal remedy."). To survive a motion to dismiss for failure to state a claim, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a claim must be sufficient for the defendant to have "fair notice" of the claim and the "grounds upon which it rests." *Id.* at 555 (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV. Analysis

### A. Jurisdiction Over Plaintiff's Claims

#### 1. Jurisdiction Over Plaintiffs' "Takings" Claim

Plaintiffs allege the government took their "property since 1995 all the while with no Jurisdiction as evidence of Tax Court orders and violating Plaintiff's 4th Amendment Rights." Compl. at 2. Under Federal Circuit precedent, claims for damages for the unlawful collection activities of the IRS must be brought before a United States district court. *See Ledford*, 297 F.3d at 1382 (affirming dismissal of plaintiff's claim for damages based on the IRS's collection activities as outside the Court's subject matter-jurisdiction); *see also Zolman v. United States*, Nos. 17-1901, 17-1902, 2018 WL 1664690, at *2 (Fed. Cl. April 6, 2018) (holding that only the district courts, and not the Court of Federal Claims, possess subject-matter jurisdiction to consider damages claims resulting from unauthorized collection actions). Therefore, this Court is without jurisdiction to entertain a claim for damages flowing from the alleged unlawful collection activities of the IRS.

To the extent plaintiffs allege a Fourth Amendment violation, this Court is also without jurisdiction to hear such a claim. In the context of a challenge to tax collection suits under the Fourth Amendment, the Federal Circuit has held "the Fourth Amendment is not a money-

mandating constitutional provision, [and so the Court of Federal Claims] lacks subject matter jurisdiction." *Johnson v. United States*, 127 Fed. Cl. 529, 537 (2016) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)).[3]

Plaintiffs additionally argue the Tax Court's dismissal orders demonstrate the IRS lacked taxing authority and satisfy this Court's jurisdictional requirement. *See* Compl. at 2. This argument reflects a fundamental misunderstanding of the Tax Court's dismissal orders. Similar to this case, in *Wall v. United States*, the plaintiff argued the Tax Court's dismissal for lack of jurisdiction meant that the IRS lacked the authority to enforce its liens. 141 Fed. Cl. 585, 589–90 (2019). This Court held the Tax Court's dismissal order "concluded that the Tax Court lacked jurisdiction over plaintiff's petition, which was, at that time, pending before the Tax Court, not that the IRS lacked the ability to place liens on plaintiff's assets." *Id.* at 597. In this case, the Tax Court's 13 September 2019 and 25 September 2019 orders were only concerned with the Tax Court's own ability to entertain plaintiffs' claims for relief—not whether the IRS had the requisite taxing authority. The Tax Court's ruling stands only for the proposition that the Tax Court lacked jurisdiction to consider plaintiffs' respective petitions due to the failure to satisfy jurisdictional requirements. Plaintiffs may not rely on the Tax Court dismissal orders to demonstrate the IRS lacked taxing authority and thus satisfy this Court's jurisdictional requirements.

Finally, plaintiffs allege due process violations, stating: "[d]ue process must be in evidence before property can be ordered to be seized, taken, or withheld in the name of tax . . . [and] [p]laintiffs were denied all required legal due process of Law entirely, and without possessing any true statutory authority under the statutes, necessary to make seizures of property from [plaintiffs]." Pl.'s Resp. at 7 (emphasis omitted). "To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Id.* Therefore, plaintiffs' due process claims are beyond the jurisdiction of this Court.

### 2. Plaintiffs' Tax Refund Claim

#### i. Tax Years 2013, 2014, and 2016

---

[3] Plaintiffs also allege a Fifth Amendment takings claim due to "[b]latant and intentional violations of federal Internal Revenue law." Pl.'s Resp. at 4. To satisfy Court of Federal Claims Jurisdiction, "[i]t is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source [of law] for purposes of Tucker Act jurisdiction." *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). A court must "'look to the true nature of the action instead of merely relying on the plaintiff's characterization of the case'" to "determin[e] the existence and grounds for [its] jurisdiction." *Doe v. United States*, 372 F.3d 1308, 1315 (Fed. Cir. 2004) (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). In this case, plaintiffs assert numerous claims, including claims for fraud and their "withholdings . . . being taken unlawfully." *See generally* Compl; Pl.'s Resp. To satisfy a takings claim, however, the "claimant must concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993). Here, plaintiffs' takings claims are based upon allegations of fraud and unlawful withholding by the IRS. *See* Compl. at 2. To the extent plaintiffs allege any takings claims, such claim must be dismissed as plaintiffs do not "concede the validity of the government action which is the basis of the taking claim." *Tabb Lakes*, 10 F.3d at 802.

Plaintiffs seek a tax refund for tax years 2013, 2014, and 2016. *See* Compl. at 2. To satisfy this Court's jurisdictional requirements, plaintiffs must have: (1) timely filed a refund claim; and (2) fully paid his or her tax liability. *Tiernan v. United States*, 113 Fed. Cl. 528, 531 (2013) (discussing the Court of Federal Claims jurisdictional requirements as requiring plaintiff to file a claim with the Secretary of the treasury and "have fully paid the pertinent tax liability"); *see also Shore*, 9 F.3d at 1527 (finding taxpayers must prepay tax principal prior to suit in the Court of Federal Claims). For tax years 2014 and 2016, plaintiffs failed to comply with the full payment rule, as IRS records reflect plaintiffs have unpaid tax liabilities. *See* Def.'s Mot., Ex. F at 28–31, 36–38. Therefore, this Court lacks jurisdiction over any alleged refund claim for tax years 2014 and 2016.

Additionally, for tax years 2013 and 2014, plaintiffs previously litigated these years in Tax Court. *See* Def.'s Mot., Ex. B at 5–11. "Pursuant to I.R.C. § 6512(a), [the Court of Federal Claims] lacks jurisdiction over a tax refund case if the plaintiff seeks a refund for the same tax year covered in a deficiency notice and in the plaintiff's petition to the Tax Court." *Cheesecake Factory Inc.*, 111 Fed. Cl. at 695. Plaintiffs therefore cannot seek to revive these claims for the entirety of their withholding in this Court. *See Smith v. United States*, 495 F. App'x. 44, 48 (Fed. Cir. 2012) (per curiam) (explaining that I.R.C. § 6512(a) precludes the Court of Federal Claims from exercising jurisdiction over "previously filed Tax Court petitions seeking redetermination of the same liabilities"). Therefore, this Court further lacks jurisdiction over plaintiffs' claims for tax years 2013 and 2014 as a result of plaintiffs' previously filed petitions in the Tax Court.

### ii.     Tax Years 2015 and 2017

Plaintiffs seek a tax refund for tax years 2015 and 2017. *See* Compl. at 2. To satisfy this Court's jurisdictional requirements, plaintiffs must have: (1) timely filed a refund claim; and (2) fully paid his or her tax liability. *See Tiernan*, 113 Fed. Cl. at 531; *Shore*, 9 F.3d at 1527. Additionally, plaintiffs must comply with the filing requirements of RCFC 9(m). "The requirements of [RCFC 9(m)] embody the jurisdictional prerequisites for maintaining such a suit in [the Court of Federal Claims.]" *Simmons v. United States*, 127 Fed. Cl. 153, 160 (2016). Plaintiffs who fail to comply with RCFC 9(m) are subject to dismissal, and "[t]his Court has consistently dismissed similar suits where a plaintiff failed to provide any of the information or documents required by [RCFC] 9(m)." *Charles Adair v. United States*, No. 19-1122, 2020 WL 1486861, at *4 (Fed. Cl. Mar. 26, 2020); *see also Leber v. United States*, 146 Fed. Cl. 9, 12 (2019) (dismissing the plaintiff's claim for failure to comply with RCFC 9(m)).

For tax years 2015 and 2017, IRS records show plaintiffs compliance with the full payment rule. Yet plaintiffs fail to attach copies of a refund claim to satisfy this Court's jurisdictional requirements under RCFC 9(m). *See* Compl., Exs. A–D; Pl.'s Resp., Exs. A–E. Without the proper supporting documentation, plaintiffs are unable to provide compliance with, and proof of, a timely refund claim. *Id*. Therefore, this Court lacks jurisdiction over tax years 2015 and 2017.

### iii.     Tax Year 2018

For tax year 2018, plaintiffs argue the "IRS credited Plaintiff's withholdings, which was unequivocal proof our withholdings were being taken unlawfully." Compl. at 2. Additionally, plaintiffs argue their "'wages' were erroneously reported as 'income,'" which plaintiffs attempted to rebut by submitting a corrected IRS form. Pl.'s Resp. at 5. Pursuant to I.R.C. § 6402(a), the IRS "may credit the amount of [an] overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." This "statute grants broad authority to the IRS to credit overpayments to any tax liability, which may reasonably include interest and penalties." *Smith v. United States*, 4 F. App'x 759, 761 (Fed. Cir. 2001) (unpublished per curium decision). For tax year 2018, IRS records show plaintiffs fully paid their tax liability and an overpayment was credited to pay outstanding liabilities in tax years 2013 and 2014. Def.'s Mot., Ex. G at 43. To the extent plaintiffs' complaint can be construed as a tax refund claim, this Court lacks jurisdiction as I.R.C. § 6402(a) grants the IRS authority to credit overpayments against any outstanding tax liabilities. *See Smith*, 4 F. App'x at 761 (discussing I.R.C. § 6402 and the IRS's ability to credit the amount of an overpayment). Therefore, this Court lacks jurisdiction over tax year 2018.

### 3. Plaintiffs' Fraud and Criminal Claims

Plaintiffs further argue I.R.C. § 7433 "plainly and clearly authorizes a civil action against the United States where employees of the [IRS] recklessly or intentionally disregard any provision of Title 26 . . . [a]s the IRS will not return our property." Pl.'s Resp. at 1. Additionally, plaintiffs argue pursuant to I.R.C. § 6020, they received "no subscribed [substitute for return] documents for tax years involved," and these unsubscribed documents "can only be fraudulent computer data falsely entered as claimed SFR data, entered by statutorily unauthorized . . . [IRS] employees, that has wrongfully been used . . . as evidence against the plaintiff[s]." *Id*. at 4–5 (emphasis omitted).

Under the Federal Tort Claims Act, jurisdiction over tort claims against the United States lies exclusively in federal district courts. 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.") (emphasis added). In this regard, remedies in the Court of Federal Claims are significantly different than a federal district court. *See Ledford*, 297 F.3d at 1382. "Where the adjudication of a type of claim has been granted to the district courts exclusively, [the Court of Federal Claims] has no jurisdiction to hear the case and must dismiss the matter." *Ross v. United States*, 122 Fed. Cl. 343, 348 (2015). Therefore, to the extent plaintiffs' relief is based on alleged tortious conduct, the Court of Federal Claims lacks jurisdiction.

Lastly, plaintiffs allege criminal violations under I.R.C. § 7214, seeming to allege revenue officers and agents conducted "reckless and malicious actions" in the performance of

their duties by not physically signing tax documents sent to plaintiffs or signing fraudulent documents sent to plaintiffs. *See* Pl.'s Resp. at 2. As with tort claims, the Court of Federal Claims is not a district court and lacks jurisdiction over criminal acts. *See Hufford v. United States*, 87 Fed. Cl. 696, 700 (2009) ("[The Court of Federal Claims] lacks jurisdiction to adjudicate criminal claims."). Therefore, to the extent plaintiffs allege criminal acts, this Court lacks jurisdiction.

## V.   Conclusion

The Court has considered all of plaintiffs' arguments. To the extent not discussed specifically herein, plaintiffs' other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. The Court of Federal Claims lacks subject-matter jurisdiction to consider plaintiffs' claims for the tax years 2013–2018. The Court hereby: (1) **GRANTS** plaintiff Joseph B. Whiteford's motion to proceed *in forma pauperis*; (2) **GRANTS** plaintiff Gwenn C. Whiteford's motion to proceed *in forma pauperis*; (3) **GRANTS** the government's motion to dismiss; and (4) **DISMISSES** the complaint.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge